## SQUIRE v RAYMOND et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 17865.   Decided March 10, 1941

Thos. J. Herbert, Atty. General, Cleve-- land; E. S. Lindemann, Special Counsel, Cleveland; H. O. Ziegler, Asst. Counsel, Cleveland, and O. V. Blumenstein, Asst. Counsel, for plaintiff-appellee.

Jones, Day, Cockley & Reavis, Cleveland, for defendant-appellant.

MONTGOMERY, PJ., SHERICK. J. (5th Dist.); ROSS, J., (1st Dist.), sitting by designation.

## OPINION

By MONTGOMERY, PJ.

The Union Trust Company of Cleveland was placed upon a restricted withdrawal basis on February 28, 1933, and the Superintendent of Banks took possession of its business and property for the purposes of liquidation on June 15, 1933.   On these dates and for some years prior therto, the defendant, Emma S. Raymond, was and had been the owner of 2940 shares of the capital stock of this institution.   On March 30, 1937, the Superintendent of Banks re-covered a judgment against Mrs. Raymond in the sum of $85,023.34, double liability by virtue of the ownership of this stock.   This amount remains unpaid except for one small credit.

On or about April 7, 1933, Mrs. Raymond had transferred all of her real and personal property of aggregate value of approximately $500,000.00, to the defendant The Central National Bank of Cleveland.   On or about the same date she executed a trust agreement naming as trustees The Central National Bank of Cleveland, Ohio, and her son, Henry A. Raymond, naming her children as beneficiaries under this trust.   She did not retain sufficient as-

sets to pay her obligation as a stockholder of The Union Trust Company. No consideration was received by her for these transfers. She admitted that at the time of the transfers she had knowledge of the fact that the bank was on a restricted basis, and that her stock was subject to double liability. The record shows that the then Superintendent of Banks, or his representatives first obtained knowledge of these facts in the month of February, 1937.

On May 17, 1937, the then Superintendent of Banks filed his petition in the Court of Common Pleas of Cuyahoga County, against Mrs. Raymond and the Central National Bank of Cleveland, wherein it sought to have set aside the transfers of stock and conveyances of real estate theretofore made to said bank and prayed that said property be subjected to the payment of its judgment. There appears attached to the amended petition filed in the Court of Common Pleas an amendment wherein it was averred,

"That the defendant, The Central National Bank and Henry A. Raymond claim to hold said property under the terms of a certain purported trust agreement entered into by and between Emma S. Raymond and The Central National Bank and Henry A. Raymond, under date of April 7, 1933, which agreement this plaintiff claims is null and void."

The prayer of the amended petition in the lower court sought also general equitable relief.

Trial being had upon a stipulation of facts and certain exhibits, a decree was entered in the trial court for the plaintiff, granting the specific relief sought for in the amended petition filed in that court. From that decree an appeal was perfected to this court on questions of law and fact.

After the appeal was perfected to this court, leave was obtained to file an amended petition and the same was filed. The allegations in the amended petition filed in this court are almost verbatim with the allegations in the amended petition in the Court of Common Pleas. The only change is that in this court the defendants, The Central National Bank of Cleveland and Henry A. Raymond were named both individually and as trustees. It should be added, however, that in both courts certain other Cleveland banks were named as parties defendants and relief was sought against them in the way of creditors' bills, they holding certain deposits belonging to Emma S. Raymond or these trustees.

By motions and by demurrer the defendants raised the question of the right to file this amended petition in this court and to name these defendants also as trustees. These motions and demurrer were ruled upon adversely to the defendants and that question has been decided. However, it is strenuously urged now in the hearing before this court.

The causes of action were not changed by the amendment. The changes were in the additional designations given to the two defendants. Such an amendment is specifically authorized by §11363 GC.

Attention is directed to the case of **Douglas, Admrx. v Daniels Brothers Coal Company, 135 Oh St 641.** In that case the Supreme Court calls attention to previous holdings of that and other courts and sets forth in detailed and lucid manner the propriety of such an amendment.

It is to be observed moreover that the actual transfers complained of were made not to the trustees but were made to The Central National Bank without any designation as to trusteeship. True the trust agreement was contemporaneous with it and the bank, by this agreement, acknowledged its trust obligations, but these facts do not change the actual transfers. It seems to us that the filing of the amended petition naming these defendants in their dual capacities was proper and justified but really was not necessary for a determination of this action.

As an incident to their contention that these trustees as such were brought

into the case improperly, it is contended that as to them the statute of limitations applies and the court has no jurisdiction to entertain an action against them.

In the first place, this is answered by the fact that as trustees they were made parties defendant before the lapse of four years from the date when the then Superintendent of Banks, or his representatives, acquired knowledge of the condition. See **Longworth v Hunt, 11 Oh St 194; Stivens v Summers et, 68 Oh St 421.**

It is contended further that no proper order can be made against the trustees because the beneficiaries of the trust are not parties defendant. That a conveyance in trust may be cancelled by a decree in equity although cestui que trusts are not defendants was determined in the case of **Campbell et v Watson et, 8th O. 498,** (1838) and so far as we know the principle has been universally adopted.

It seems to us that but little need be said as to the merits of the case in view of the statement of **Headnote 4.** facts heretofore made. We regard it as sufficient to direct attention to the case of **Squire, Supt. of Banks, etc. v Cramer et, 64 Oh Ap 169,** and to the discussion therein contained and the authorities therein cited.

It seems to us clear that the plaintiff is entitled to have these transfers set aside. The record would indicate that if this is done there will be far more than an amount adequate to take care of plaintiff's claim and that the order so far as the creditor's bills are concerned is probably unnecessary. However, the plaintiff is entitled to such an order directed to these banks.

There may be a decree for Rodney P. Lien, Superintendent of Banks, successor in office to the plaintiff, S. H. Squire, as prayed for in the amended petition.

Motion or motions for new trial, if filed, may be overruled.

SHERICK and ROSS, JJ., concur.